Per Curiam,
There was some evidence that the deed from the plaintiff to David R. Davis was accompanied by a parol defeasance. It was not sufficient to have justified the jury in finding such fact; hence it was not error in the learned judge below to refuse to submit that question to them. The testimony to convert a deed, absolute on its face, into a mortgage, by a parol defeasance, should be clear, precise and indubitable. Pancake v. Cauffman, 114 Pa. 113. The testimony here does not measure up to this standard. There was no satisfactory evidence that brought home to Timothy Casey, the' ancestor of the defendants, any actual or constructive notice that the Davis deed was a mortfage. As we understand the case, the legal title by deed passed irectly to Philip Yerplanck, Jr., from the Lackawanna Iron & Coal Company. This action, therefore, is an equitable ejectment against the holder of the legal title, and the whole force of the plaintiff’s case was that her deed to Davis was but a mortgage, that is to say, a deed, absolute upon its face, with a parol defeasance. No proof was made of payment, or of tender of payment, on the Sart of the plaintiffs, of the amount due upon the legal title. [oreover, the defendants not only possess the legal title, but they also appear to have the equitable title, either by deed from Daniel Howell, dated Jan. 15, 1872; or by the contract with the plaintiff and her husband, dated Dec. 21, 1869, and which was fully paid up to plaintiff’s attorney on May 23, 1872. The equitable and legal title thus became vested in defendants’ ancestor, and there is nothing on this record to disturb it.
Judgment affirmed. H. J. L.